LEBENSFELD BROTHERS, INCORPORATED, PLAINTIFF-APPELLEE, v. PHILIP BUDNE, DEFENDANT-APPELLANT.

Submitted January term, 1928—Decided October 2, 1928.

Before Justices PARKER, MINTURN and CAMPBELL.

For the appellant, *Emile Neblo.*

For the appellee, *Gross & Gross.*

PER CURIAM.

This is an action in replevin to recover certain show cases and store fixtures sold by appellee to appellant under a conditional bill of sale. Default in payments thereunder having taken place a demand for the return of the goods was made and return being refused the action in question was brought.

The jury, by direction of the trial judge, returned a verdict for $450 for the value of the goods, in favor of the appellee.

There are seven grounds of appeal, viz.:

1. Error in admitting conditional bill of sale because not properly proved.

2. Error in overruling certain questions put to the appellant.

3. Error in overruling certain questions put to the witness, Isaac Eaclar.

4. Refusal to submit cause to jury.

5. Judgment is irregular.

6. Proceedings irregular.

7. Error in refusing to accept in evidence proof of certain attachment proceedings.

We conclude that grounds one, five, six and seven present no reason for reversal.

Grounds two, three and four may be considered together.

The plaintiff below claimed the right to recover possession of the goods, because the defendant, the conditional vendee, had failed to make payments in accordance with the terms of the conditional bill of sale. The defendant contended that plaintiff, as a part of its undertaking, had agreed to install the fixtures and had, in part, at least, failed so to do.

The testimony referred to under grounds three and four as having been erroneously excluded was for the purpose of showing this breach of contract and failure of performance upon the part of the plaintiff.

This we think the defendant was entitled to show, if he could, because performance by the defendant by payments, other than the payment of $400 already made, was not required until and unless the plaintiff had performed by delivery and installation.

The question was not one of title but of the right of possession.

It was error therefore to exclude this proof and, if made, a jury question would have been presented because there was already in the case proof on the part of the plaintiff that the fixtures had been properly set up and installed in accordance with the terms of the contract.

The judgment below is reversed, with costs.